# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00612-SEP |
| | ) |
| SERVICESOURCE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Timothy Taylor's Motion to Remand. Doc. [9]. The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

In December 2024, Plaintiff filed this employment discrimination action in the Circuit Court for the City of St. Louis, Missouri, against his employer, Defendant ServiceSource, Inc. Doc. [4]. Plaintiff alleges that Defendant harassed, retaliated, and discriminated against him based on his disabilities in violation of the Missouri Human Rights Act, the Family and Medical Leave Act, the Americans with Disabilities Act, and the Uniformed Services Employment and Reemployment Rights Act. *Id.* Upon Plaintiff's request, the state court issued a summons on February 25, 2025. Doc. [1-1] at 2. The summons stated that Defendant's registered agent was located at "711 North 11th Street, Saint Louis, MO 63101." *Id.* Plaintiff subsequently filed a signed return of service, which indicated that a deputy sheriff delivered a copy of the summons and petition to Defendant's registered agent in the City of St. Louis, Missouri at 12:30 p.m. on February 27, 2025. *Id.* at 3.

On May 1, 2025, Defendant filed a notice of removal, invoking federal question jurisdiction and asserting that removal was timely because its registered agent was never properly served. Doc. [1] at 1-4. Specifically, Defendant contended that the return of service failed to state the place of service as required by Missouri Supreme Court Rule 54.20. *Id.* at 3. Defendant alleged that Plaintiff's counsel notified it of the lawsuit in an April 9, 2025, courtesy email. *Id.*

Plaintiff timely moves to remand this case to state court, arguing that the notice of removal was untimely, as it was filed more than 30 days after Defendant was served. Doc. [9].

Defendant opposes the motion, reiterating its contention that the sheriff's return of service was defective because it failed to specify the place of service.  Doc. [11].  Defendant asserts that the April 9th email, "not the defective service, constitutes the 'other paper' triggering the 30-day removal period under 28 U.S.C. § 1446(b)(3)." *Id.* at 4.  Defendant appears to concede that the summons specified the address of Defendant's registered agent, but it contends that "[t]he device that indicates perfection of service is the Return," which did not provide the address.  *Id.* at 6.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Id.* at 620.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

The procedure for removing a case to federal court is governed by 28 U.S.C. § 1446, which "provides that a petition to remove a civil action must be filed within 30 days 'after the receipt by the defendant, through service or otherwise,' of a copy of the pleading setting forth a claim for relief." *Monsanto Co. v. Magnetek, Inc.*, 126 F.4th 1324, 1326 (8th Cir. 2025).  The Supreme Court has explained that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  "[I]f the summons and complaint are served together, the 30-day period for removal runs at once." *Id.* at 354.  While § 1446(b)'s time limit is not jurisdictional, "[t]he time limit is mandatory, . . . and a timely motion to remand for failure to observe the thirty-day limit will be granted." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997) (citing *St. Louis Home Insulators v. Burroughs Corp.*, 597 F. Supp. 98, 99 (E.D. Mo. 1984)).

"When an action is removed improperly, the plaintiff may move to have it remanded to state court." *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (citing 28 U.S.C.

2

§ 1447(c)). "If the motion to remand is based on any removal defect other than lack of subject matter jurisdiction, that motion must be made within 30 days after the filing of the notice of removal. . . . Otherwise, objections to removal based on such defects are waived." *Id.* (citation modified).

## DISCUSSION

It is undisputed that a deputy sheriff delivered the summons and petition to Defendant's registered agent in the City of St. Louis, Missouri on February 27, 2025. Defendant filed the notice of removal 63 days later on May 1, 2025. Thus, the only contested issue is when § 1446(b)'s 30-day removal period began to run. If the sheriff's return of service was insufficient to trigger the removal period, then the notice of removal was timely. But if service was proper, then the notice of removal was untimely, and Plaintiff's timely motion to remand will be granted pursuant to § 1447(c).

Under Missouri case law, the sheriff's return was sufficient to effect service. In *Jones v. Jones*, the Missouri appellate court rejected the defendant's argument that service on him was invalid because the sheriff's return did not adequately describe the place of service. 712 S.W.2d 465, 466 (Mo. Ct. App. 1986). While the return in *Jones* "did not give an address where service occurred," it "did state 'All done in St. Louis County, Missouri.'" *Id.* (Rule 54.20's "'place' requirement was intended to establish that the service was made within the jurisdiction of the officer effective service, i.e., in his county." (citing *Taylor v. Helter*, 201 S.W. 618 (Mo. Ct. App. 1918))). As such, the court found that "it established the jurisdiction of the St. Louis County deputy sheriff to effect service." *Id.* The court explained that "[d]efects in the form of a summons are not absolutely destructive of its validity unless the defect is so radical as to amount to no process at all as where it fails to give the party the information it is expected to convey or is so faulty that it does not reach defendant at all." *Id.* (citing *Hirst v. Cramer*, 195 S.W.2d 738 (Mo. 1946) (en banc))); *see also Christianson v. Goucher*, 414 S.W.3d 584, 590 (Mo. Ct. App. 2013) (collecting Missouri cases stating that a defect in the form of a summons does not render the summons fatal or deprive a court of jurisdiction). Here, as in *Jones*, "[t]he alleged defect asserted by defendant certainly does not reach that level if, in fact, the return of service is defective at all." 712 S.W.2d at 466. "[T]he return of service was regular on its face, in that it stated the time, place, and manner of servi[ce], and it was signed by the deputy sheriff who served the summons, as required by Rule 54.20(a)(1) and Rule 90.03." *Cornerstone Mortg., Inc.*

3

*v. Ponzar*, 619 S.W.3d 524, 533 (Mo. Ct. App. 2021). "A sheriff's return of service that is regular on its face is presumed conclusive." *Id.* (citing *In re Marriage of Bugg*, 613 S.W.2d 204, 205 (Mo. Ct. App. 1981)).

The 30-day removal period began running when the deputy sheriff delivered copies of the summons and petition to Defendant's registered agent on February 27th. *See Murphy Bros.*, 526 U.S. at 354 ("[I]f the summons and complaint are served together, the 30-day period for removal runs at once."). Therefore, the notice of removal was due on or before March 31st. *See Monsanto Co.*, 126 F.4th at 1326 ("Section 1446(b), of Title 28 of the United States Code, provides that a petition to remove a civil action must be filed within 30 days 'after the receipt by the defendant, through service or otherwise,' of a copy of the pleading setting forth a claim for relief."); Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a specified time period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Because Defendant did not file the notice of removal until May 1st, the removal was untimely, and Plaintiff's timely motion to remand will be granted. *See* 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [9], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 27th day of January, 2026.

                                                  _____
                                                  SARAH E. PITLYK
                                                  UNITED STATES DISTRICT JUDGE